The Honorable Barbara Lawrence State Senator, 30th District 315 North Roosevelt Wichita, Kansas 67208
Dear Senator Lawrence:
You request our opinion concerning whether the newly created Kansas guardianship program is a non-profit corporation or a quasi governmental entity. Specifically, if the guardianship program is a non-profit corporation, it is subject to the provisions of the Kansas corporation code which requires a non-profit corporation to file articles of incorporation, pay a recording fee and file an annual report with the secretary of state. K.S.A. 1994 Supp.17-6002, 17-7502, 17-7504. Additionally, a non-profit corporation may apply for an exemption from payment of federal income taxes.26 U.S.C. § 501.
The Kansas guardianship program provides volunteers to adults who have been found by courts to need the protection of a guardian or conservator. Prior to the enactment of the 1995 law which creates the Kansas guardianship program, the program was administered by Kansas advocacy and protective services (KAPS), a private non-profit corporation which provides protection and advocacy services for people with disabilities. While the advocacy and protection programs administered by KAPS are federally funded, the guardianship program received all of its funding from the department of social and rehabilitation services (SRS). In 1994 federal reviewers of KAPS' protection and advocacy programs found that there was a conflict of interest in KAPS operation of the Kansas guardianship program. In response to this finding, KAPS requested legislation establishing the Kansas guardianship program as a separate legal entity. Minutes, Senate Committee Ways and Means, March 9 and March 23, 1995.
Section 2 of L. 1995, ch. 189 states, in part, as follows:
 "It is the intent of the Legislature that a non-profit corporation be organized to recruit volunteers to serve as court-appointed guardians or conservators, or both, of adults who are found by the court to be in need of this level of protection." (Emphasis added.)
Section 3 of this same enactment states, in relevant part, as follows:
 "There is hereby created a body politic and corporate to be known as the Kansas guardianship program, a partnership involving the state of Kansas and its citizen volunteers to assist certain adults legally determined to be unable to manage for themselves. The Kansas guardianship program is hereby constituted a public instrumentality and the exercise of the authority and powers conferred by this act shall be deemed and held to be the performance of an essential governmental function." (Emphasis added).
The board of directors is composed of seven members; six are appointed by the governor. L. 1995, ch. 189, sec. 4. The program is not to be considered a state agency except that it can use the Kans-a-n communication system and its employees are not to be considered as state employees except that they may participate in the Kansas public employees retirement system. L. 1995, ch. 189, sec. 5(b). Finally, the Kansas guardianship program is funded by the state. L. 1995, ch. 189, sec. 6.
The starting point for the interpretation of a statute is the language of the statute itself. National Union Fire Ins. Co. ofPittsburgh, Pa. v. Midland Bancor, Inc., 854 Fed. Supp. 782 (D.Kan. 1994). Section 2 of this 1995 legislation is clear that the legislature intended that a non-profit corporation be established. The fact that this corporation performs an essential governmental function does not diminish this intent. It is our opinion that the Kansas guardianship program is a non-profit corporation and, therefore, must comply with the Kansas corporation code. If the board of the Kansas guardianship program is uncertain whether the program also constitutes a quasi-governmental entity for specific purposes, please be assured that you can ask us for additional guidance.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm